## William Gahagen, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 28514.   Promulgated March 19, 1931.

*Barry Mohun, Esq.*, and *George E. Elliott, Esq.*, for the petitioner. *C. H. Curl, Esq.*, and *P. A. Bayer, Esq.*, for the respondent.

OPINION.

SMITH: In this proceeding the petitioner makes two contentions—first, that he is entitled to deduct from his gross income of 1923 the amount of his investment in the shares of stock of the Basin Coal Company, totaling $167,838.75; second, that he is entitled to deduct $12,686.15, representing the difference between a debt owed to him

by the Basin Coal Company, and the amount recoverable from that company.

Section 214 (a) of the Revenue Act of 1921 provides that in computing net income of an individual there shall be allowed as deductions:

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *

Article 144 of respondent's Regulations 45, promulgated under the provisions of the Revenue Act of 1921, provides, *inter alia*, as follows:

* * * A person possessing securities, such as stocks and bonds, can not deduct from gross income any amount claimed as a loss on account of the shrinkage in value of such securities through fluctuation of the market or otherwise. * * * However, if stock of a corporation becomes worthless, its cost or its fair market value as of March 1, 1913, if acquired prior thereto, may be deducted by the owner in the taxable year in which the stock became worthless, provided a satisfactory showing of its worthlessness be made as in the case of bad debts.

An analogous case to the proceeding at bar is that of *E. S. Lee*, 15 B. T. A. 1213, wherein we said:

Petitioner contends that it was not known and could not have been known in 1920 for what amount the remaining assets of the Integrity Oil Co. might be sold in 1921 and, therefore, he could not know in 1920 what loss he would sustain on his investment of $11,300 in the stock of the oil company.

It is true petitioner may not have known in 1920 what would be realized from the sale of the remaining assets of the oil company in 1921, but it is also true that it was known in 1920 that there were outstanding debts of the oil company amounting to $24,000 and that the assets sold in 1920 brought only $12,000.

*     *     *     *     *     *     *

* * * The value of the entire assets of the oil company was insufficient in either year to pay the outstanding indebtedness of $24,000, thus leaving nothing for the stockholders. The sustained loss and not his ascertainment is the statutory factor. *Carl Muller*, 4 B. T. A. 169, 173; *A. F. Osterloh*, 13 B. T. A. 713.

In the instant proceeding it is evident that the principal and practically the only asset of the petitioner at the close of 1923 was 208 acres of coal lands. The evidence indicates that there was a marked shrinkage in the value of coal lands in West Virginia and Pennsylvania between 1920 and 1923; that the price of soft coal had slumped badly and that there was a great overproduction. Witnesses eminently qualified to place a value upon petitioner's coal lands testified that in their judgment the value of petitioner's

coal lands in 1923 was between $650 and $750 per acre. All of the evidence supports a value not in excess of the last-named amount. The witnesses testified that the location of the land, its distance from the railroad, and many other factors must be taken into consideration in the valuing of coal lands and that they had taken these factors into consideration in making their estimates. We are satisfied from the evidence that the coal lands did not have a value in excess of $750 per acre, and by giving the lands such value the Basin Coal Company was not in possession of assets with which to repay to the petitioner and Brown the full amount of the advances which they had made to the company from November 27, 1920, to December 31, 1923. We have no question that the stock was absolutely worthless at the close of 1923. The contention of the petitioner that he sustained a loss in 1923 of his investment of $167,838.75 in the stock of the Basin Coal Company is sustained. Cf. *C. E. Conover Co.*, 7 B. T. A. 1234; *Harry H. DeLoss*, 6 B. T. A. 784 (affd., 22 Fed. (2d) 536); *H. M. Preston*, 7 B. T. A. 414; *Gilbert H. Pearsall*, 10 B. T. A. 467; *W. R. Ricks*, 12 B. T. A. 1381; *C. P. Mayer*, 16 B. T. A. 1239; *Henry Adamson*, 17 B. T. A. 17.

The petitioner further claims the right to deduct from gross income $12,686.15 representing the difference between the amount owed to him by the Basin Coal Company and the amount recoverable from that company. At the close of 1923, the Basin Coal Company was indebted to the petitioner in the amount of $122,446.79 and the fair market value of the petitioner's interest in the assets of the company at that date was only $108,700. The difference of $13,746.79 would appear to be a debt ascertained to be worthless in 1923. The record does not show, however, that the amount was charged off as a bad debt in the petitioner's books in that year, nor does it appear whether he kept any books. Neither does the evidence show that it was charged off on the petitioner's income tax return.

This case is analogous to *Sherman & Bryan, Inc.* v. *Blair*, 35 Fed. (2d) 713. In that case the taxpayer's debtor had gone into the hands of a receiver. The taxpayer in September, 1920, after investigating the condition of the receivership, in good faith concluded that the debt was worthless and charged it off its books of account and claimed the deduction in its income tax return for the fiscal year 1920. In auditing its return the Commissioner concluded that the debt was worthless only in part and surcharged the return with the full amount of the debt. The deficiency thus created was confirmed by this Board in 9 B. T. A. 213, but this decision was reversed by the Circuit Court of Appeals, Second Circuit. The Court took the position that there was no question but that a loss had been sustained and

it held that in the circumstances of the case the difference between the amount of the debt and the amount recoverable could be deducted as a loss in the petitioner's income tax return even if it could not be deducted as a debt ascertained to be worthless and charged off. We are of the opinion that the same principle is applicable in the proceeding at bar. The petitioner had advanced cash to the Basin Coal Company and was owed by it at the end of 1923 the full amount of $122,446.79. The petitioner's share of the assets of the company at the close of that year amounted to only $108,700. Clearly the petitioner had sustained a loss at the close of 1923 of the difference between those two amounts or $13,740.79. We are of the opinion that that amount is a legal deduction from the gross income of that year as a loss sustained in 1923.

Reviewed by the BOARD.

*Judgment will be entered under Rule 50.*

MURDOCK concurs in the result only.

LOVE dissents.